1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5
6

VIVIANLYNNE Q.,

7
                          Plaintiff,

8          v.

9    COMMISSIONER OF SOCIAL
     SECURITY,

10
                          Defendant.

Case No. 3:19-cv-05404

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

11
12         Plaintiff has brought this matter for judicial review of Defendant's denial of her

13   application for supplemental security income ("SSI") benefits.

14          The parties have consented to have this matter heard by the undersigned

15   Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule

16   MJR 13. For the reasons set forth below, the ALJ's decision is reversed and remanded

17   for further administrative proceedings.

18                          I.    <u>ISSUES FOR REVIEW</u>

19      1. Did the ALJ err at step three of the sequential evaluation?
        2. Did the ALJ properly evaluate Plaintiff's symptom testimony?
20      3. Did the ALJ err in evaluating medical opinion evidence?
        4. Is a remand for additional proceedings the proper remedy, due to
21         ambiguity in the record?

22                          II.   <u>BACKGROUND</u>

23         On July 31, 2014, Plaintiff filed an application for SSI, alleging a disability onset

24   date of January 15, 2008. AR 15, 157-62. Plaintiff subsequently amended her alleged

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 1

onset date to July 31, 2014. AR 35. Plaintiff's application was denied upon initial administrative review and on reconsideration. AR 15, 88-91, 99-101. A hearing was held before Administrative Law Judge ("ALJ") Steve Lynch on May 15, 2018. AR 31-54. On June 27, 2018, the ALJ issued a written decision finding that Plaintiff was not disabled. AR 12-24. The Social Security Appeals Council denied Plaintiff's request for review on March 7, 2019. AR 1-6.

Plaintiff seeks judicial review of the ALJ's June 27, 2018 decision. Dkt. 4.

### III.    STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

### IV.    DISCUSSION

In this case, the ALJ found that Plaintiff had the severe, medically determinable impairments of degenerative disc disease, depression, bipolar disorder, anxiety disorder, and attention deficit hyperactivity disorder ("ADHD"). AR 17.

Based on the limitations stemming from these impairments, the ALJ found that Plaintiff could perform a reduced range of sedentary work. AR 19. Relying on vocational expert ("VE") testimony, the ALJ found that there were a significant number of sedentary jobs Plaintiff could perform at step five of the sequential evaluation; therefore the ALJ determined at step five that Plaintiff was not disabled. AR 23-24, 51.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 2

1

A.  Whether the ALJ erred at step three

2

Plaintiff contends that the ALJ erred by not further developing the record

3

concerning whether Plaintiff's spinal impairment met Listing 1.04A at step three. Dkt. 14,

4

pp. 15-17.

5

At step three of the sequential evaluation, the ALJ must evaluate the claimant's

6

impairments to determine whether they meet or medically equal any of the impairments

7

listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 416.920(d); *Tackett v.*

8

*Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If they do, the claimant is deemed disabled.

9

20 C.F.R. § 416.920(d). The burden of proof is on the claimant to establish he or she

10

meets or equals any of the impairments in the listings. *Tackett*, 180 F.3d at 1098.

11

A claimant can meet Listing 1.04 by satisfying one of three different sets of

12

criteria. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04 (describing different criteria

13

under subsections A, B, and C). Listing 1.04A requires the existence of a spinal

14

impairment resulting in the compromise of a nerve root (including the cauda equina) or

15

the spinal cord, accompanied by: (1) evidence of nerve root compression characterized

16

by neuro-anatomic distribution of pain; (2) limitation of motion of the spine; (3) motor

17

loss (atrophy with associated muscle weakness or muscle weakness) with sensory or

18

reflex loss; and (4) if there is involvement of the lower back, positive straight-leg raising

19

test (sitting and supine). 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04A.

20

Here, the ALJ found at step three that Plaintiff's lumbar impairment did not meet

21

Listing 1.04A because Plaintiff did not exhibit motor loss with sensory or reflex

22

disturbance and did not meet the criteria of subsections B and C because there was no

23

evidence of spinal arachnoiditis or lumbar spinal stenosis with pseudoclaudication. AR

24

25

18. The ALJ further reasoned that no medical consultant opined that Plaintiff's impairments were medically equal to a listed impairment, singly or in combination. *Id.*

First, in discussing the record only as it pertains to motor, sensory, and reflex loss, the ALJ confirmed that Plaintiff's lumbar degenerative disc disease otherwise meets the criteria set forth in Listing 1.04A. Defendant makes the same implied concession, arguing that the ALJ's finding that Plaintiff did not exhibit motor loss with sensory or reflex disturbance is supported by the record, but not otherwise disputing that Plaintiff's impairment meets the requirements of Listing 1.04A. Dkt. 15, pp. 2-6.

Defendant's concession that Plaintiff's impairment otherwise meets the requirements of Listing 1.04A is supported by the record, which indicates that during the period at issue, Plaintiff had a spinal impairment resulting in nerve root compression, exhibited a reduced range of motion in her lumbar spine, and had positive straight leg raising tests. AR 283-84, 286-87, 294-95, 302, 308, 316-17, 350, 363, 384, 448, 492-93, 689, 720-21, 735, 738, 752-53, 754.

Second, the ALJ's finding that Plaintiff did not exhibit motor loss with sensory or reflex disturbance is not supported by substantial evidence. In reaching this conclusion, the ALJ relied exclusively upon a physical examination conducted in May 2015, in which Plaintiff did not exhibit any motor, sensory, or reflex loss. AR 18, 731-32.

The ALJ has selectively cited the record. Plaintiff repeatedly demonstrated sensory deficits in her lumbar spine and left leg and reduced strength in her left leg on examination. AR 308, 350, 363, 384, 449, 594, 689. *See Garrison v. Colvin*, 759 F.3d 995, 1017-18 (2014) (finding that the ALJ erred by improperly singling out a few periods of temporary well-being from a sustained period of impairment and relied on those

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 4

1  instances to discredit a claimant); *see also Lingenfelter v. Astrue*, 504 F.3d 1028, 1035

2  (9th Cir.2007) (The Court must consider the entire record as a whole, weighing both the

3  evidence that supports and detracts from the Commissioner's finding, and may not

4  affirm simply by isolating a specific quantum of supporting evidence."). Plaintiff reported

5  symptoms consistent with these results, stating that she had fallen down several times

6  due to weakness and pain in her left leg. AR 447, 590.

7          Third, the ALJ's conclusion that no medical consultant opined that Plaintiff's

8  impairments were medically equal to Listing 1.04 is unpersuasive given that no

9  examining physician was asked about the applicability of this listing during the period at

10  issue, despite a finding that a consultative examination was necessary to determine the

11  severity of Plaintiff's impairments. AR 60, 77.

12         Defendant contends that this statement refers to the need for a consultative

13  examination to assess Plaintiff's psychological impairments. Dkt. 15, pp. 4-5. This

14  argument is not persuasive; Plaintiff alleges she is disabled primarily due to her physical

15  impairments, and the record does not contain an opinion from an examining source

16  describing Plaintiff's physical limitations during the period at issue. And, the record

17  available to the state agency consultants at the initial level already contained an opinion

18  from examining psychologist Shirley Shen, Ph.D. AR 57, 74, 196, 204-05, 215, 223.

19         Defendant also contends that Social Security Ruling ("SSR") 17-2p provides that

20  an ALJ need not articulate specific evidence supporting his or her finding concerning

21  medical equivalence. Dkt. 15, p. 5. Yet, the issue in this case is whether Plaintiff's

22  condition meets, rather than equals, a listed impairment. Moreover, the ALJ gave an

23

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 5

1   explanation about why Plaintiff's condition did not meet Listing 1.04, but finding was not

2   supported by substantial evidence, for the reasons discussed above.

3        The ALJ has an independent duty to fully and fairly develop the record.

4   *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). That duty is triggered when

5   there is ambiguous evidence or when the record is inadequate to allow for proper

6   evaluation of the evidence. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001).

7        Here, the record is replete with ambiguity concerning whether Plaintiff's lumbar

8   degenerative disc disease meets the specific portion of Listing 1.04A concerning motor

9   loss with sensory or reflex disturbance. The record contains evidence that Plaintiff's

10  condition meets many, and possibly all, of the requirements of this listing, but does not

11  contain an opinion from an examining physician or a medical expert concerning

12  Plaintiff's functional capacity during the period at issue or whether her condition meets

13  the listing.

14       On remand, the ALJ shall develop the record by soliciting an opinion from a

15  medical expert or an examining physician concerning whether Plaintiff's lumbar

16  degenerative disc disease meets the specific portion of Listing 1.04A concerning motor

17  loss with sensory or reflex disturbance (that Plaintiff's condition meets each of the other

18  criteria of Listing 1.04A has been conceded, so there is no need for additional evidence

19  on those criteria) -- and if so, when this condition became disabling. *Diedrich v.*

20  *Berryhill*, 874 F.3d 634, 638-40 (9th Cir. 2017).

21       B.  Whether the ALJ erred in evaluating Plaintiff's testimony

22       Plaintiff contends that the ALJ did not provide clear and convincing reasons for

23  discounting her symptom testimony. Dkt. 14, pp. 3-11.

24

25

1    In weighing a Plaintiff's testimony, an ALJ must use a two-step process. *Trevizo*

2  *v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine whether

3  there is objective medical evidence of an underlying impairment that could reasonably

4  be expected to produce some degree of the alleged symptoms. *Ghanim v. Colvin,* 763

5  F.3d 1154, 1163 (9th Cir. 2014). If the first step is satisfied, and provided there is no

6  evidence of malingering, the second step allows the ALJ to reject the claimant's

7  testimony of the severity of symptoms if the ALJ can provide specific findings and clear

8  and convincing reasons for rejecting the claimant's testimony. *Id. See Verduzco v.*

9  *Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999).

10    In discounting Plaintiff's symptom testimony, the ALJ reasoned that: (1) Plaintiff's

11  allegations concerning her physical impairments were inconsistent with the record; (2)

12  Plaintiff's physical symptoms were well controlled with conservative treatment until

13  February 2018; (3) there is no medical necessity for Plaintiff to lie down during the day

14  or use a cane; and (4) Plaintiff's mental impairments responded well when she was

15  compliant with her treatment regimen. AR 20-21.

16    With respect to the ALJ's first reason, an inconsistency with the objective

17  evidence may serve as a clear and convincing reason for discounting a claimant's

18  testimony. *Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1297

19  (9th Cir. 1998). But an ALJ may not reject a claimant's subjective symptom testimony

20  "solely because the degree of pain alleged is not supported by objective medical

21  evidence." *Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995) (internal quotation

22  marks omitted, and emphasis added); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir.

23  1995) (applying rule to subjective complaints other than pain).

24

25

1    As for the ALJ's second reason, evidence of conservative treatment successfully

2    relieving symptoms is a legally permissible reason for discounting a claimant's

3    testimony. *See* 20 C.F.R. § 416.929(c)(3)(iv) (the effectiveness of medication and

4    treatment are relevant to the evaluation of a claimant's alleged symptoms); *see also*

5    *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (citing *Parra v. Astrue*, 481

6    F.3d 742, 750–51 (9th Cir.2007) (stating that "evidence of 'conservative treatment' is

7    sufficient to discount a claimant's testimony regarding severity of an impairment").

8    In this case the record does not support the ALJ's reasoning; the record indicates

9    that while Plaintiff did report some improvement in her back pain with conservative

10   measures such as physical therapy and steroid injections, she reported at other times

11   that these measures were ineffective. Plaintiff reported that her pain control came

12   primarily from consistent use of Percocet, a strong opioid medication. AR 304, 307, 334,

13   338, 343, 358, 447, 449, 533, 670, 678, 680, 761, 779; *O'Connor v. Berryhill*, 355 F.

14   Supp. 3d 972, 985 (W.D. Wash. 2019) (noting that Courts in the Ninth Circuit have

15   typically found that consistent use of strong opioid analgesics such as hydrocodone and

16   oxycodone cannot be accurately characterized as "conservative" treatment); *Bucknell v.*

17   *Berryhill*, No. ED CV 18-0261 AS, 2018 WL 6198459, at *4 (C.D. Cal. Nov. 27, 2018)

18   (unpublished) (collecting cases). Opiate medication was part of Plaintiff's treatment, but

19   at some point in 2017-18, her physicians scaled it back. See, e.g., AR 789-91, 795, (Dr.

20   Jon Eggen, 10-5-2017 and John Hart, 10-18-2017 and 12-20-2017: extensive pain and

21   neuropathy, fibromyalgia, showing the physicians used different combinations of pain

22   medicines and implemented tapering off opioids). This would suggest that opioids are

23   not "conservative" in the sense that a conservative treatment would seem to be low-risk

24

25

and could be used liberally. *See, Hadden v. Adams,* No. 16-CV-02686 LHK (PR), 2018 WL 6438362 at *8 - *9 (N.D. Cal. 2018) (describing risks associated with opiate medications, and observing that a physician who was treating a prisoner with chronic pain conditions acted in a manner that did not show deliberate indifference to serious medical needs by trying different medications, tapering off opioids, and recommending against using opioids because opioid use poses serious risks and these drugs should not be used unless there is evidence of severe disease).

While Plaintiff was scheduled to undergo an operation to address her spinal impairment shortly after the hearing, she was unable to pursue more aggressive surgical treatment options during the period at issue because her insurance provider refused to pay for it. AR 573, 678, 841.

Accordingly, the ALJ's finding that Plaintiff's physical symptoms were well controlled with conservative treatment cannot constitute a clear and convincing reason for discounting Plaintiff's testimony.

With respect to the ALJ's third reason, the fact that there is nothing in the record to indicate a medical necessity for Plaintiff to lie down during the day or use a cane is not, in this case, a clear and convincing reason for discounting Plaintiff's testimony, given that the absence of these requirements in Plaintiff's residual functional capacity ("RFC") would not necessarily preclude a finding of disability. The ALJ's reason is not supported by the record in any event: Plaintiff testified that she had been diagnosed with fibromyalgia and spinal problems causing sciatica nerve damage and pain, for which she was prescribed a variety of pain medications, but had recently been tapered off of Percocet, Tramadol, and Morphine. AR 38-40. The ALJ did not ask whether the

1   pain medications would have caused any side effects; nor did the ALJ ask whether

2   Plaintiff was lying down in order to manage her pain – but Plaintiff offered this

3   information on her own. AR 42, 44. Plaintiff clarified that she had to lie down for a

4   majority of the day, every day, due to chronic pain; she testified the pain medications

5   had side-effects such as abdominal shooting pain, constipation, and fatty liver. AR 43-

6   46. The medical record supports these statements by Plaintiff. AR 585-99, 609-13, 789-

7   91, 795.

8          As for the ALJ's fourth reason, the record is ambiguous and there is not

9   substantial evidence to support the ALJ's finding that Plaintiff's mental impairments

10  responded well when she was compliant with her treatment regimen. The record shows

11  that her symptoms waxed and waned, and there was interaction and overlap between

12  the extreme pain she experienced and the mental health conditions she experienced.

13  See e.g. AR 445 (Dr. Shirley Shen, on 12-5-2014: "At this time, it is difficult to ascertain

14  whether her pain or her mental illness limit her more. It seems that both of these

15  conditions are major barriers for her and they exacerbate each other."), AR 585-99,

16  609-13 (Dr. Sarah Winslow, 2-23-2018, 3-7-2018, 3-22-2018: indicating fluctuation in

17  symptoms such as: neuropathy, anxiety, confusion, pain, Bell's Palsy, and adjusting

18  medications); AR 789 (Dr. Jon Eggen, 10-5-2017 and John Hart, 10-18-2017 and 12-

19  20-2017: indicating Bell's Palsy, extensive pain and neuropathy, fibromyalgia, adjusting

20  to different combinations of medicines).

21         Although this Court is required to accept the ALJ's conclusion if the evidence is

22  susceptible to more than one rational interpretation, *Burch v. Barnhart,* 400 F.3d 676,

23  679 (9th Cir. 2005), the Court is also required to consider that mental health conditions

24

25

1   wax and wane, and the fluctuations do not necessarily indicate the condition has

2   responded to treatment and resolved. *Garrison v. Colvin,* 759 F.3d 995, 1017 (9th Cir.

3   2014). Depression is an under-reported illness and lack of treatment, uneven recovery,

4   or failure to follow through with treatment, does not mean the patient is not disabled –

5   the treatment may be difficult for the patient to comply with, as a result of the

6   depression. *Nguyen v. Chater,* 100 F.3d 1462, 1464-65 (9th Cir. 1996).

7         C.  <u>Whether the ALJ erred in evaluating the medical opinion evidence</u>

8         Plaintiff contends that the ALJ erred in assigning "little weight" to opinions from

9   J.S. Chowdhury, M.D., Lucretia Krebs, Psy.D., and Cheri Oellrich, M.D. because they

10   were all rendered several years before Plaintiff's alleged onset date. Dkt. 14, pp. 11-15;

11   AR 22.

12         In assessing an acceptable medical source – such as a medical doctor – the ALJ

13   must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of

14   either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

15   1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*,

16   849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is

17   contradicted, the opinion can be rejected "for specific and legitimate reasons that are

18   supported by substantial evidence in the record." Lester, 81 F.3d at 830-31 (citing

19   *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d

20   499, 502 (9th Cir. 1983)).

21         Dr. Chowdhury and Dr. Krebs issued their opinions in 2010, while Dr. Oellrich

22   rendered her opinion in 2012. AR 259-62, 265-67, 268-70, 272-74. Medical opinions

23   rendered outside the period at issue can be of limited probative value in ascertaining a

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 11

claimant's functional capacity after his or her alleged onset date. *See Macri v. Chater*, 93 F.3d 540, 545 (9th Cir. 1996); *see also* 20 C.F.R. §§ 416.335, 416.501, 416.912 (With respect to SSI claims, although SSI benefits are not payable until one month after the date on which an application is filed, the ALJ is required to consider evidence dated at least 12 months preceding the SSI application date unless the alleged disability began less than 12 months before the application was filed).

These opinions are uncontradicted because they are from a different time than the other assessments; the other assessments would potentially be considered as being at odds with these three earlier assessments – but only if the other assessments had been rendered during the same 2010-2012 period (as Plaintiff points out, Dkt. 14 at 13-14); the opinions of these three physicians relate to a period between two and four years prior to Plaintiff's amended onset date.

The probative value of these opinions is that they document, when compared with later opinions and medical information, the progression of a severe back impairment; this context should not be skimmed over or discounted when the condition at issue is a condition of the spine that has changed over time – the variability of the condition is important to the context of Plaintiff's long term medical condition that has affected her spine. The record shows Plaintiff's functional capacity was deteriorating during the period at issue, especially given that diagnostic imagining indicates that Plaintiff's spinal impairment worsened during the period at issue. AR 275-76, 681, 720-21, 752-53.

1

2       Accordingly, the ALJ has not provided a clear and convincing reason for rejecting

3  the opinions of Dr. Chowdhury, Dr. Krebs, and Dr. Oellrich. These medical opinions

   provided important context for the longitudinal medical record.

4       D.  Remand with Instructions for Further Proceedings

5       Plaintiff asks the Court to remand this case for an award of benefits. Dkt. 14, p.

6  17. "'The decision whether to remand a case for additional evidence, or simply to award

7  benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664, 682

8  (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an

9  ALJ makes an error and the record is uncertain and ambiguous, the court should

10 remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045

11 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy

12 the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d

13 at 668.

14      The Ninth Circuit has developed a three-step analysis for determining when to

15 remand for a direct award of benefits. Such remand is generally proper only where

16       "(1) the record has been fully developed and further administrative
         proceedings would serve no useful purpose; (2) the ALJ has failed to
17       provide legally sufficient reasons for rejecting evidence, whether claimant
         testimony or medical opinion; and (3) if the improperly discredited
18       evidence were credited as true, the ALJ would be required to find the
         claimant disabled on remand."
19
20 *Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir.

21 2014)). If the Court concludes "that the record as a whole creates serious doubt as to

22 whether Claimant is, in fact, disabled", the Court may remand for further proceedings.

23 *Burrell v. Colvin,* 775 F.3d 1133, 1141-42 (9th Cir. 2014).

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 13

1        Here, considering the record as a whole, the Court finds there is serious doubt as

2   to whether Plaintiff is disabled. The ALJ erred at step three of the sequential evaluation;

3   in addition, considering the record as a whole -- the ALJ did not provide legally

4   supported reasons, nor were the reasons based on substantial evidence, for

5   discounting Plaintiff's testimony concerning her lumbar impairment and the other

6   impairments that she has alleged.

7        The record remains ambiguous concerning whether Plaintiff's lumbar

8   degenerative disc disease meets the requirements of Listing 1.04A. On remand, the

9   ALJ is directed to solicit an opinion from a medical expert or an examining physician

10  concerning whether Plaintiff's lumbar degenerative disc disease meets Listing 1.04A.

11  The ALJ shall develop the record by soliciting an opinion from a medical expert or an

12  examining physician concerning whether Plaintiff's lumbar degenerative disc disease

13  meets the specific portion of Listing 1.04A concerning motor loss with sensory or reflex

14  disturbance (that Plaintiff's condition meets each of the other criteria of Listing 1.04A

15  has been conceded by the defendant by implication, so it appears there is no reason for

16  the ALJ to take additional evidence on those criteria) -- and if so, when this condition

17  became disabling. *Diedrich v. Berryhill*, 874 F.3d 634, 638-40 (9th Cir. 2017).

18       In addition, after taking new evidence, the ALJ shall re-evaluate whether

19  Plaintiff's statements should be given greater weight as to the lumbar condition, and

20  whether there is substantial evidence to support a disability finding due to other

21  conditions. Plaintiff has alleged in her testimony as well as her various statements other

22  documents in the administrative record, that she suffers debilitating effects from a

23  physical condition (the spinal pain, leg pain, and related physical restrictions on

24

25

1 movement) as well as the combination of conditions (degenerative disc disease,

2 depression, bipolar disorder, anxiety disorder, and attention deficit hyperactivity

3 disorder), causing her to suffer limitations that render her unable to work at even a

4 sedentary job. She has also asserted that side effects of medication have caused her to

5 experience pain and work-related limitations. The record is ambiguous as to all these

6 conditions, and the ALJ is directed to address each condition as they may overlap and

7 interact with each other, and take additional evidence as necessary.

8                                              CONCLUSION

9          Based on the foregoing discussion, the Court finds the ALJ erred when he found

10 Plaintiff was not disabled. Defendant's decision to deny benefits is therefore

11 REVERSED and this matter is REMANDED for further administrative proceedings. The

12 ALJ is directed to re-evaluate Plaintiff's testimony concerning her lumbar impairment

13 and the other impairments, and to develop the record concerning whether the lumbar

14 impairment meets Listing 1.04A.

15                                                       Dated this 17th day of August, 2020.

16

17                                                       _____
                                                          Theresa L. Fricke
18                                                       United States Magistrate Judge

19

20

21

22

23

24

25